[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant has filed a postjudment [postjudgment] motion to modify an award of child support arising from a judgment of dissolution and previously modified by the granting of an earlier postjudgment motion to modify.
The parties' marriage was dissolved by the trial court, Jackaway, J. on August 21, 1991. As part of this judgment, the defendant was ordered, inter alia, to pay to the plaintiff $305 per week in child support. This sum substantially deviated from the amount of child support indicated by the child support guidelines, in effect on that date, issued pursuant to General Statutes § 46b-215a. The trial court made no specific reference to the reasons for this deviation.
On October 20, 1993, the defendant filed a motion to modify this child support obligation claiming that the original order CT Page 9547 substantially differed from the guidelines. On November 8, 1993, the court, Klaczak, J., heard the motion and granted a reduction of the order to $265 per week. This amount also substantially deviated from the guideline figure of $197 per week in effect on that date. Again the trial court made no specific finding with respect to the need for this departure from the guideline amount.
On March 25, 1994, the defendant filed another motion to modify his child support obligation on the same basis as his previous motion. It is this motion which is pending before the court.
The plaintiff argues that the defendant is precluded from raising this motion to modify because Judge Klaczak addressed this claim in his decision. The defendant asserts that he is entitled once again to a new evidentiary hearing on his motion because the child support order varies significantly from the guideline figure, and the court issuing the order failed to specify any ground for such variance. The court agrees with the defendant.
General Statutes § 46b-86(a) addresses this issue. That statutory provision permits modification of a child support order upon the existence of either of two events, viz. a substantial change in the parties' circumstances or a substantial deviation from the guideline figure without a "specific finding on the record that the application of the guidelines would be inequitable or inappropriate." Because neither the court entering the judgment nor the court granting the post judgment modification made the requisite finding, the defendant is entitled to pursue a further modification under the statute.
Sferrazza, J.